UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

GILBERT GOFF, )
)
Petitioner, ) Civil Action No. 14-CV-130-HRW
)
v. )
)
JODIE SNYDER MORSE, WARDEN[1] ) **MEMORANDUM OPINION**
) **AND ORDER**
Respondent. )
)

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Petitioner Gilbert Goff was previously confined by the Bureau of Prisons ("BOP") in the FCI-Ashland.[2] Proceeding without an attorney, Goff filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his prison disciplinary conviction at FCI-Ashland which resulted in the loss of 40 days of his good-time credits ("GTC"). Goff seeks an order expunging that disciplinary conviction and reinstating his forfeited GTC.

---

[1] When Goff filed this action on August 28, 2014, Michael Sepanek was the Warden of the Federal Correctional Institution ("FCI")-Ashland, located in Ashland, Kentucky. The Court takes judicial notice of the fact that that Michael Sepanek is no longer the Warden of FCI-Ashland; Ms. Jodie Snyder Order is now the Warden of the FCI-Ashland. Therefore, the Clerk of the Court will be instructed to substitute Ms. Jodie Snyder-Morse as the respondent to this action on the CM/ECF cover sheet.

[2] Goff, BOP Register No. 16808-084, was released from the BOP's custody on December 16, 2014. *See* http://www.bop.gov/inmateloc/ (last visited on December 19, 2014).

1

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Goff is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the proceedings, the Court accepts as true Goff's factual allegations and liberally construes his legal claims in his favor. As explained below, however, Goff's habeas petition will be denied because he has not alleged facts supporting his claim that his disciplinary conviction should be expunged or that his GTC should be reinstated.

## BACKGROUND

On December 7, 2013, Jeremy Skidmore, an official of FCI-Ashland, issued Incident Report charging Goff with "Refusing to Provide a Urine Sample" in violation of BOP Prohibited Acts Code ("PAC") 110. [R. 1-2, p. 1] Skidmore alleged that Goff was unable to provide him with a urine sample within two hours of requesting the sample. [R. 1-3] In the Incident Report, Skidmore stated that he requested Goff to provide the urine sample at 12:30p.m. that day, and that pursuant

to BOP Policy, he waited two hours, until 2:30p.m., for Goff to provide him with the urine sample, but that Goff was unable to do so within that time frame. Skidmore's statement is somewhat confusing, in that he also stated in that report that supervised Goff "…the entire the **3 hours** while he attempted to obtain a urine sample several times with no success. At 2:30 I notified operations lieutenant then escorted Goff to special housing." [*Id.*] (emphasis added)

The charge was referred to a Disciplinary Hearing Officer ("DHO") for resolution. On January 14, 2014, a disciplinary hearing transpired at FCI-Ashland, over which DHO "C." Metzger presided. On January 23, 2014, DHO Metzger prepared a Report summarizing all aspects of the proceeding, stating therein Goff had waived staff representation and had testified at the hearing that right before Skidmore demanded the urine sample, he (Goff) had just gone to bathroom and urinated; that he was unable to provide a new urine sample despite having consumed a lot of water during the two-hour period Skidmore had provided him; and that it was another hour and half (after 2:30pm on December 7, 2013) before he was finally able to urinate. *See* R. 1-4, p. 1 (DHO Report, "Summary of Inmate Statement," § III (B)).

On January 23, 2014, DHO Metzger found Goff guilty of the charged PAC 110 offense as charged in the Incident Report. [*Id.*, pp. 2-3] DHO Metzger stated

3

that he had considered Goff's explanation about why he had been unable to urinate within the time allotted to him, but that he did not find Goff's explanation to be a valid excuse for his refusal to provide a urine sample within the 2-hour time period provided in the BOP's policy. [*Id.*, p. 2, § V, "Specific Evidence Relied on to Support Findings"] DHO Metzger further stated that there was no indication that Goff had a documented medical or psychological problem which precluded him from providing a urine sample within the ordinary time limit. [*Id.*] The DHO imposed sanctions consisting of: (1) the disallowance of 40 days of GTC; (2) confinement in disciplinary segregation for 30 days, and (3) the loss of visiting privileges for 3 months. [*Id.*, p. 3]

In February 4014, Goff appealed the DHO's findings to the BOP Mid-Atlantic Regional Office ("MARO"), arguing that the DHO had based his findings on insufficient evidence; that he had not been given enough time to provide his urine sample; that under BOP regulations, he could and should have been given a reasonable extension of time in which to provide the urine sample; that his age (66 years) prevented him from being able urinate on demand; that he had requested information about side effects of various prescription medications he was taking, which might have prevented him from being able to urinate within a two-hour period; and that he did not "refuse" to provide a urine sample, he was instead

4

simply unable to provide the sample within two hours because of a medication he was taking. [R. 1-8, pp. 1-2]

On April 25, 2014, the MARO denied Goff's BP-10 appeal, finding that DHO's findings were accurate, adequate, and based on the greater weight of the evidence, and that the required disciplinary procedures were substantially followed. [*Id.*, p. 3] The MARO explained that the institution was not required to give an inmate additional time in which to provide a urine sample, and that the decision was instead merely optional on the part of prison staff. [*Id.*]

In May 2014, Goff appealed the MARO's decision to the BOP Central Office, asserting essentially the same arguments he had advanced before the MARO. [R. 1-9] The BOP Central Office's response was due on July 19, 2014, *see* R. 1-11, but Goff alleges in his § 2241 petition that the has never received a response from the BOP Central Office. Assuming that assertion is correct, the lack of a response from the BOP Central Office operates as a denial of the appeal. *See* 28 C.F.R. § 542.18.

Goff seeks an order setting aside his disciplinary conviction and reinstating his forfeited GTC. He asserts the same arguments set forth in his §2241 petition, and challenges the sufficiency of the evidence on which he disciplinary conviction was based. Goff has attached information indicating that certain medications that

5

he claims he was taking (Simvastin and Cephalexin) affected his urine flow and likely prevented him from being able to urinate within a two-hour period on December 7, 2013. Goff states that he did not obtain this medical information until *after* he was convicted of the PAC 110 offense, through a Freedom of Information request; that he was not provided with any information about the side effects of his medication *prior* to the disciplinary hearing; and that prior to the hearing, the DHO and/or the prison staff should have researched his medical condition and history before concluding that he did not have a medical condition which would have affected his ability to produce a urine specimen within two hours. Goff alleges that the disciplinary conviction and resulting sanctions violated his right to due process of law in violation of the Fifth Amendment of the U.S. Constitution.

## DISCUSSION

As previously noted, Goff was released from BOP custody on December 16, 2014. Thus, to the extent that Goff challenged the disallowance of his 40 days of GTC against his actual prison term, *i.e.,* the time which he spent in the actual custody in the BOP, his claim has become moot by reason of his release from BOP custody. Goff, however, was sentenced to a three-year term of supervised release as part of his criminal sentence imposed in the United States District Court for the Western District of Virginia. *See United States v. Gilbert Goff,* No. 6:12-CR-27-

NKM (W.D. Va. 2012) [R. 17, therein, imposing a 24-month prison sentence and a 3-year term of supervised release). Therefore, to the extent that Goff remains under supervised release, the challenge to his disciplinary conviction set forth in his § 2241 petition is not moot. *See McClain v. Bureau of Prisons*, 9 F. 3d 503, 505 (6th Cir. 1993) (finding that although petitioner had been released from federal custody, his supervised release dates were affected by the BOP's computation of credit on his federal sentence)

The due process to which prisoners are entitled during the prison disciplinary process is set forth in 28 C.F.R. § 541.8[3] and in *Wolff v. McDonnell*, 418 U.S. 539 (1974). In *Wolff*, the United States Supreme Court explained that when a prison disciplinary hearing may result in the loss of good conduct time credits, due process requires that the inmate receive: 1) written notice of the charges at least 24 hours in advance of the disciplinary hearing; 2) a written statement by the fact finder as to the evidence relied on and reasons for the disciplinary action; 3) an opportunity to call witnesses and present documentary evidence in his or her defense when doing so would not be unduly hazardous to

---

[3] Title 28 C.F..R. § 541. 8(f) states in pertinent part:

> **Evidence and witnesses.** You are entitled to make a statement and present documentary evidence to the DHO on your own behalf. The DHO will consider all evidence presented during the hearing. The DHO's decision will be based on at least some facts and, if there is conflicting evidence, on the greater weight of the evidence.

institutional safety or correctional goals; and 4) the assistance of staff or a competent inmate when the inmate is illiterate or when the issues are complex. *Wolff*, 418 U.S. at 564-566.

Under this limited framework, the Court is unable to set aside either Goff's disciplinary conviction or the resulting sanctions. A finding of guilt in a disciplinary proceeding need only be "'supported by some evidence in the record.'" *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (quoting *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985)). The "some evidence" standard is a lenient one, requiring only "a modicum of evidence," and is met if the record contains any evidence that could support the [DHO's] decision. *Hill*, 472 U.S. at 455–56; *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The "some evidence" standard requires only that the "disciplinary decision is not arbitrary and does have evidentiary support." *Id.* at 457. A court has no authority under the guise of due process to review the resolution of factual disputes in a disciplinary decision. *Id.*

Here, the Incident Report, standing alone, constituted the "some evidence" which supported the DHO's determination that Goff was guilty of the PAC 110 violation. During the administrative remedy process, and in his § 2241 petition, Goff claimed that the institution failed to properly investigate his medical status

8

before the disciplinary hearing transpired, but the DHO Report does not indicate that Goff *himself* ever advised either Office Skidmore (on December 7, 2013) or the DHO (at the hearing), that he was taking any medication that could have adversely impacted his ability to produce a urine sample within a two-hour period. Admittedly, Goff may not have known exactly what impact, if any, the medications he claims that he was taking may have had on his urine flow, but he could have mentioned to the DHO that he was taking medications of some kind. According to both the Incident Report and DHO Report, Goff stated *only* that he had recently urinated prior to being asked to provide a urine sample; he made no mention at the time of the hearing that he was taking any medications. Further, Goff claims in his § 2241 petition that he was taking the Simvastin and Cephalexin medications on December 7, 2013, but he attached no medical records substantiating his allegation that he was taking the Simvastin and Cephalexin medications on December 7, 2013; he merely attached general information about the two medications.

A somewhat similar situation arose in *Garcia-Cortez v. Sanders*, No. SACV 11-1554-CJC MAN, 2013 WL 2417973, (C.D. Cal. May 31, 2013), wherein a prisoner filed a § 2241 petition challenging his disciplinary conviction based on his failure to provide a urine sample within a two-hour period. In his § 2241 petition,

prisoner Garcia-Cortez claimed that he had been given a medical authorization giving him four hours, instead of two, in which to provide a urine sample. The district court denied the § 2241 petition, finding that at the hearing, the prisoner neither informed the DHO that he had been given a four-hour medical authorization, nor requested a review of his medical files. *Id.* at \*\*9-10. As the district court observed, "He could have—and given his language difficulties, he should have—requested a staff representative to assist him in marshaling this information instead of waiving both a staff representative and witnesses." *Id.*, at 10. The same holds true for Goff, who also waived staff representation at his disciplinary hearing. *See* R. 1-4, p. 1, § (II)(A).

In *Garcia-Cortez*, the district court further noted that Garcia-Cortez had also failed to inform either the investigating officer or the DHO that he was suffering from gastrointestinal difficulties at the time of the urine test, but that he argued in his § 2241 petition that it should have been obvious to investigating officer that he was sick and had diarrhea at the time of the urine test. The district court rejected his argument and concluded that "some evidence" existed to support the conviction under the "minimally stringent" standard set forth in *Hill*, stating:

> ...because Officer Isom did not mention it [his illness] in his Incident Report, it was up to Petitioner to make sure that the investigating officer, the UDC, and, most importantly, the DHO had this information. Because Petitioner never mentioned his

> gastrointestinal issues, his asserted condition formed no part of the evidence before the DHO.
>
> As it was, the evidence before the DHO was that Petitioner was given two hours to provide a urine sample and did not do so. Petitioner did not provide any medical explanation for his conduct. He did not provide the DHO with documentary evidence that he was entitled to take two additional hours to provide a urine sample. He did not give the DHO the version of the events set forth in the Petition.

*Id.* at *10.

The same rational applies to Goff's claims in this § 2241 proceeding. Goff should have alerted Officer Skidmore and the DHO (at the disciplinary hearing) that he was taking medications that might have impacted his urine flow, but he did not inform either Skidmore or the DHO about this possible issue. Under the BOP's applicable regulation, the failure to provide a urine sample within a two hour period is deemed to be a refusal unless the inmate rebuts the presumption during the disciplinary process. 28 C.F.R. § 550.31(a). Goff presented no evidence during the disciplinary process that rebuts the presumption that he refused to provide Officer Skidmore with a urine sample.

As noted, a district court's role is not to re-try a prison disciplinary hearing, weigh the evidence, or independently assess witness credibility. *Hill*, 472 U.S. at 455. Federal courts will not review the accuracy of a disciplinary committee's finding of fact. *Kelly v. Cooper*, 502 F. Supp. 1371, 1376 (E. D. Va.1980).

Further, as 28 C.F.R. § 541.8(f), and *Wolff* indicate, a DHO's decision to forfeit good time credits need not comport with the requirement of proof beyond a reasonable doubt which applies in criminal trials; the DHO need only base his or her decision on "some evidence." *Superintendent v. Hill*, 472 U.S. at 455–56; *see also Kelley v. Warden, F.C.I. Elkton*, No. 4:13-CV-662, 2013 WL 4591921, at *5 (N. D. Ohio, Aug. 26, 2013) ("Although the evidence in this case might be characterized as limited, a DHO's finding does not rely on the same amount of evidence necessary to support a criminal conviction.") The "some evidence" standard requires only that the "disciplinary decision is not arbitrary and does have evidentiary support." *Superintendent v. Hill*, 472 U.S. at 457.

While Goff strongly protests his guilt, the law is clear that a DHO need not accept what the inmate perceives to be the "best" or most convincing or persuasive set of facts. *See Sarmiento v. Hemingway*, 93 F. App'x 65, 68 (6th Cir. 2004) (affirming the DHO's determination that the greater weight of the evidence supported his decision finding Sarmiento guilty of "tampering with a security device" in violation of PAC 208, even where the facts were in dispute); *Johnson v. Patton*, No. 06-CV-HRW, 2006 WL 950187, at *5 (E.D. Ky. April 12, 2006) ("While these facts are not one hundred percent conclusive of whether the petitioner violated Code 108, they are adequate facts upon which to base a prison

disciplinary conviction. They constitute "some" facts upon which the DHO was entitled to rely in finding the petitioner guilty of violating Code No. 108.")

Further, to the extent that Goff claimed that the BOP ignored its own procedures and policies either by not giving him more time to produce a urine sample, or by failing to fully investigate his medical status and the medications that he claims he was taking as required by 28 C.F.R. § 550.31(b), he states no grounds entitling him to relief. The requirements of procedural due process are defined by the United States Constitution, not by an agency's internal regulations or guidelines. *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Thus, an agency's alleged failure to adhere to its own policies or guidelines does not state a due process claim. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541, (1985); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004); *Slater v. Holland*, No. 0:11-CV-86-HRW, 2012 WL 1655985, at *5 (E.D. Ky. May 10, 2012).

Because Goff is not entitled to relief from either his disciplinary conviction or the forfeiture of 40 days of GTC, his § 2241 habeas petition will be denied.

## CONCLUSION

Accordingly, for the reasons discussed above, it is hereby **ORDERED** as follows:

1. The Clerk of the Court shall **SUBSTITUTE** Ms. Jodie Snyder-Morse on the CM/ECF cover sheet as the Respondent to this action.

2. Gilbert Goff's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**;

3. The Court will enter an appropriate judgment; and

4. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This January 6, 2015.



Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**